WERTHEIMER and another *v.* THE PENNSYLVANIA RAILROAD COMPANY.

(*Circuit Court, S. D. New York.* January 23, 1880.)

BILL OF LADING—COMMON CARRIER—SHIPPER.—The acceptance of a bill of lading binds the shipper and precludes him from alleging ignorance of its terms.

SAME—NEGLIGENCE—BURDEN OF PROOF.—Where loss arose through one of the excepted causes contained in the bill of lading, the *onus probandi* rests upon the shipper to show that such loss occurred through the negligence of the carrier.

*Adolph L. Sanger,* for plaintiffs.

*Robinson & Scribner,* for defendant.

WALLACE, J. On or about July 17, 1877, the defendant received from plaintiffs, at the city of New York, for transpor-

tation to Pittsburgh, Pennsylvania, goods of the value of $1,710. At the time of receiving the goods the defendant delivered to plaintiffs a bill of lading, whereby it agreed to transport the goods, subject to several conditions, among which was one that the company should not be responsible for loss or damage by fire, unless it could be shown that such damage or loss occurred through the negligence or default of the agents of the company.

On the seventeenth of July the car containing the goods was dispatched by defendant from Jersey City for Pittsburgh, reaching Pittsburgh about 1 o'clock A. M., July 20th, at which time a mob took possession of the defendant's property, including the car in question, and held possession until July 22d, when troops ordered by the governor of the state to aid the sheriff in retaking the property came in conflict with the mob, failed to disposses the mob, and the mob fired the property and thereby destroyed it.

The delivery of the bill of lading by the defendant, and its acceptance by the plaintiffs, at the time of the delivery of the goods, must be deemed to constitute a contract between the parties, with the conditions contained in the bill of lading. *York Company* v. *Cent. Railroad*, 3 Wall. 107; *Bank of Ky.* v. *Adams Exp. Co.* 93 U. S. 174; *Grace* v. *Adams*, 100 Mass. 505; *McMillan* v. *Mich. Southern & N. I. R. Co.* 16 Mich. 79; *Hopkins* v. *Westcott*, 6 Blatch. 64; *Kirkland* v. *Dinsmore*, 62 N. Y. 171. These cases all hold that the shipper who accepts the bill of lading cannot be heard to allege ignorance of its terms. It is unnecessary to refer to the cases where, from the peculiar circumstances attending the acceptance of the receipt, assent to its terms was held not to be implied, as the present case is the ordinary one, where no peculiar circumstances are shown. Neither are the cases in point which accede that assent on the part of the shipper will not be implied to any conditions which do not appear on the face of the bill of lading. Such was the case in *Ayres* v. *The Western R. Corp.* 14 Blatch. 9, which was decided upon the authority of *Railroad Co.* v. *Manufacturing Co.* 16 Wall. 318.

The effect of the contract made between the parties was to impose upon the plaintiffs the burden of proving that the loss of the goods by fire arose from the negligence of the defendant or its agents.   In *Clark* v. *Barnwell*, 12 How. 272, Mr. Justice Nelson says: "Although the injury may have been occasioned by one of the excepted causes in the bill of lading, yet still the owners of the vessel are responsible if the injury might have been avoided by the exercise of reasonable skill and attention on the part of the persons employed in the conveyance of the goods.   But the *onus probandi* then becomes shifted on the shipper to show the negligence." [See syllabus.]   In *Transportation Co.* v. *Downer*, 11 Wall. 129, the judgment of the court below was reversed because the jury were instructed that it was incumbent upon the defendant, the carrier, to bring itself within the exception by showing that it had not been guilty of negligence.   Other authorities to the same point need not be cited, as the cases referred to are conclusive upon this court.

The plaintiffs have not shown negligence upon the part of the defendant, and therefore cannot recover.   But, irrespective of any considerations concerning the burden of proof, when it appeared, as it did here, that the fire by which the plaintiffs' goods were destroyed was the act of a mob, engaged in a struggle with the military authorities of the state, without anything to show that the defendant was bound, from the circumstances, to anticipate such a result, the defence was affirmatively established.

The motion for a new trial is denied.