SCHALLER, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*June 11 — September 28, 1897.*

| | |
|---|---|
| 97 | 31 |
| 101 | 141 |
| 101 | 144 |
| 101 | 568 |
| 97 | 31 |
| 106 | 505 |
| 97 | 31 |
| 110 | ³612 |
| 110 | ⁴615 |
| 97 | 31 |
| 112 | ³155 |
| 112 | ⁴167 |
| 56 LRA | 248 |
| 56 LRA | 252 |
| 97 | 31 |
| 55 LRA | 184 |
| 97 | 31 |
| e116 | ⁷416 |

(1, 2) *Amendment of pleadings: Evidence: Stipulation of facts.* (3–7) *Common carriers: Exemption from liability: Consideration: Presumptions: Burden of proof: Evidence: Negligence: Failure to ascertain contents of bill of lading.*

1. The action of the trial court in allowing the answer to be amended on the trial will not be reversed as an abuse of discretion merely because the new matter may be effective to defeat the plaintiff's cause of action. If the plaintiff would be put to additional expense or would not be prepared to proceed to trial because of such amendment, he should make that fact appear to the trial court by affidavit; and if the amendment is then allowed except on such terms as to protect him, it would be error.

2. A stipulation of facts made for the purposes of a trial, unless clearly intended to cover the whole case, does not preclude either party from giving evidence tending to establish other facts pertinent to the issues, not inconsistent with the facts agreed upon by the stipulation.

3. A valid contract may be made limiting the common-law liability of a common carrier in any respect except exemption from the consequences of negligence.

Schaller vs. Chicago & Northwestern R. Co.

4. To support a contract limiting the liability of a common carrier a consideration is necessary; but the presumption is that the rates for carriage are made with reference to the risks assumed, and that the rate specified in a special contract, when made, was intended to support the entire contract; hence, the want of consideration for the special exemption must be affirmatively established by the party seeking to avoid the limitation of liability.
5. Where the special contract limiting liability relied on was contained in the bill of lading, the presumption in favor of a consideration was not rebutted by evidence that in many cases the same rate was charged when no bill of lading was given.
6. Where goods, being transported by a common carrier under a special contract exempting the carrier from liability for loss by fire, "unless it can be shown that such loss occurred through negligence or default of the agent of the company," are destroyed by fire, proof of that fact constitutes, *prima facie*, a complete defense to an action to recover therefor, and casts upon the plaintiff the burden of showing that the negligence of the carrier contributed to the loss.
7. The delivery and acceptance of a bill of lading containing a provision limiting the common-law liability of the carrier raises a presumption that the shipper assented thereto, and such presumption is not overcome by evidence of ignorance of the contents of the bill arising from failure to read it or to make some effort to ascertain its contents, in the absence of fraud or the use of means to prevent the shipper from fully understanding it.

APPEAL from a judgment of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Plaintiff delivered to the defendant at Verona, Wisconsin, twenty-two boxes of cheese for shipment over its line of railway to plaintiff at Chicago, Illinois. At the time of such delivery, defendant, by its agent, signed and delivered to plaintiff a bill of lading to the effect, among other things, that the property was received for shipment subject to loss by fire, unless it could be shown, in case of such loss, that it occurred through the negligence or default of the agent of the company. The property was seasonably transported according to the contract contained in the bill of lading, was unloaded and placed in defendant's warehouse in Chicago

Schaller vs. Chicago & Northwestern R. Co.

to await the payment of freight by plaintiff, and a few hours afterwards the warehouse burned, with its contents. On the following day plaintiff demanded the property of defendant, but delivery thereof was refused because of the destruction by fire, as aforesaid. This action was brought to recover the value of such property. Issue was joined by complaint and answer, and the result of the trial was that the court found facts as heretofore stated, and, further, that the fire was not caused by any negligence on the part of the defendant; that the bill of lading referred to contained the contract of carriage between the parties; that plaintiff did not read it because of his own negligence; and that defendant was entitled to judgment. Judgment was thereupon rendered, from which this appeal was taken.

*John M. Becker,* for the appellant, contended, *inter alia,* that the burden of showing a consideration for the release of the common-law liability is upon the carrier. *Duvenick v. Mo. Pac. R. Co.* 57 Mo. App. 550. Where the acceptance of the goods is special, the burden is upon the carrier to show, not only that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care. *Shea v. M., St. P. & S. S. M. R. Co.* 63 Minn. 228; *Hull v. C., St. P., M. & O. R. Co.* 41 id. 510; *Southard v. M., St. P. & S. S. M. R. Co.* 60 id. 382; *Johnson v. A. & V. R. Co.* 69 Miss. 191; *Louisville & N. R. Co. v. Touart,* 97 Ala. 514; *Missouri P. R. Co. v. China Mfg. Co.* 79 Tex. 26; *Ryan v. M., K. & T. R. Co.* 57 Am. Rep. 589; *Wallingford v. C. & G. R. Co.* 26 S. C. 258; *Southern Exp. Co. v. Seide,* 67 Miss. 609; *Railway Co. v. Wynn,* 88 Tenn. 320; *Johnstone v. R. & D. R. Co.* 39 S. C. 55; *Terre Haute & L. R. Co. v. Sherwood,* 132 Ind. 129; *George v. C., R. I. & P. R. Co.* 57 Mo. App. 358; *Erie R. Co. v. Lockwood,* 28 Ohio St. 358; *Gains v. Union Transp. & Ins. Co.* id. 418; *Hays v. Kennedy,* 41 Pa. St. 378; *Chicago, St. L. & N. O. R. Co. v. Moss & Co.* 60 Miss. 1003; *Wilson v. C. C.*

*R. Co.* 94 Cal. 166; Deering, Neg. § 110; Jones, Ev. § 180. In case of loss the presumption is that the carrier was negligent. *Georgia R. & B. Co. v. Keener,* 93 Ga. 808; *Inman v. S. C. R. Co.* 129 U. S. 128; *Louisville & N. R. Co. v. Touart,* 97 Ala. 514; *Terre Haute & L. R. Co. v. Sherwood,* 132 Ind. 129; *Browning v. Goodrich Transp. Co.* 78 Wis. 391; *Black v. Goodrich Transp. Co.* 55 id. 319; *Wilson v. C. C. R. Co.* 94 Cal. 166; Deering, Neg. § 121.

For the respondent there was a brief by *Fish & Cary,* and oral argument by *R. N. McMynn.*

The following opinion was filed June 24, 1897:

MARSHALL, J. Several errors are assigned on this appeal, all of which have received careful consideration, and will be noticed in this opinion in their order.

1. That the circuit court erred in allowing defendant to amend its answer on the trial by setting up as a defense that by the law of Illinois the extraordinary liability of a common carrier of goods terminated when the goods arrived at their destination and were deposited in the defendant's warehouse; and as a further defense that the goods were received for shipment under an express contract to the effect that the defendant should not be liable for any loss occasioned by fire. Trial courts have large discretionary power to allow amendments to pleadings on the trial, and if, in the exercise of such power, a defendant is allowed to bring in additional defenses, the ruling in that regard cannot be disturbed, except for a clear abuse of discretion; and unless, from the nature of such additional defenses, it manifestly appears that the plaintiff must have been prejudiced, it must be made to appear affirmatively, in order to present the question for consideration on appeal. If the plaintiff in this case was not prepared to proceed with the trial because of the amendment, he should have made that fact appear to the trial court by affidavit; and, if the amendment was then

allowed, except upon such terms as to protect him, it would be error. For aught that appears, the plaintiff did not need additional time to prepare for trial because of the amendment, and was not made any additional costs by reason of the delay in bringing forward the additional defenses. His complaint was not that he was prejudiced by reason of the delay or additional costs, but by reason of the probability that such defenses might be effectual, on the facts, to defeat his alleged cause of action. The latter kind of prejudice is not recognized by the courts as entitled to consideration in the proper administration of justice.

2. That the court erred in admitting in evidence the bill of lading. The parties stipulated, for the purposes of the trial, that the property was delivered to defendant at Verona, Wisconsin, for shipment to Chicago; that it arrived there; that it was unloaded and placed in defendant's warehouse, and was, on the night thereafter, destroyed by fire, with such warehouse. To prove that the contract of shipment exempted defendant from loss by fire, the bill of lading was offered in evidence. The evidence was objected to because of the stipulation of facts. The objection was overruled, and that is assigned as error. Manifestly, a stipulation of facts made for the purposes of a trial, unless clearly intended to cover the whole case, does not preclude either party from giving evidence tending to establish other facts pertinent to the issues, not inconsistent with the facts agreed upon by the stipulation. It was upon that ground, obviously, that the objection to the admission of the bill of lading was overruled by the trial court. That such ruling was right does not admit of serious discussion.

3. That the bill of lading was void for want of a consideration. This assignment of error is grounded on the familiar doctrine that any contract limiting the common-law liability of a common carrier, to be valid, must be supported by a consideration. It is not seriously contended but that a valid

contract may be made limiting the common-law liability of a common carrier. Though that was questioned in this court at an early day (*The Steamboat Sultana v. Chapman*, 5 Wis. 454; *Falvey v. Northern Transp. Co.* 15 Wis. 129), later the validity of such contracts has been repeatedly recognized. See *Candee v. P. R. Co.* 21 Wis. 582; *Detroit & M. R. Co. v. Farmers' & M. Bank*, 20 Wis. 122; *Wahl v. Holt*, 26 Wis. 703; *Boorman v. Am. Exp. Co.* 21 Wis. 152; *Strohn v. D. & M. R. Co.* 21 Wis. 554; *Tolman v. Abbot*, 78 Wis. 192; *Loeser v. C., M. & St. P. R. Co.* 94 Wis. 571 — which are in accord with nearly all reputable authority on the subject, and include stipulations exempting a carrier from loss by fire (Ray, Neg. Imp. Duties [Freight Carriers], § 45; *Louisville & N. R. Co. v. Brownlee*, 14 Bush, 590; *Railway Co. v. Gilbert, Parkes & Co.* 88 Tenn. 430; *Johnson v. Portuense*, 35 Fed. Rep. 670; *Bank of Kentucky v. Adams Exp. Co.* 93 U. S. 174); but not exemptions from the consequences of negligence. Such exemptions are uniformly held contrary to public policy and void. *Black v. Goodrich Transp. Co.* 55 Wis. 319; *Abrams v. M., L. S. & W. R. Co.* 87 Wis. 485; *Loeser v. C., M. & St. P. R. Co., supra.* What immediately precedes is not strictly necessary to a discussion of this assignment of error, but is deemed proper, inasmuch as appellant's argument proceeds upon the theory that the law at the foundation of the subject is doubtful.

On the particular question raised, the great weight of authority is in favor of the proposition that, to support a contract limiting the liability of a common carrier, a consideration is necessary, and that, if the charges and services rendered, as a rule, are the same in all respects without as with the special contract, such contract is void for want of a consideration. *York Co. v. Central Railroad*, 3 Wall. 107; *Louisville & N. R. Co. v. Oden*, 80 Ala. 38; *Nelson v. H. R. R. Co.* 48 N. Y. 498. But the presumption is that the rates for the carriage of goods are made having regard to

the risks assumed, and that the rate specified in a special contract, when made, was intended to support the entire contract. Hence, whether there was, in fact, no consideration given for the special stipulation must be affirmatively established by the party seeking to avoid the limitation of liability, and it must be established by some clear and satisfactory testimony, else the presumption of a consideration will prevail. In *York Co. v. Central Railroad, supra,* Mr. Justice FIELD, speaking for the court in respect to this subject, said, in effect: 'There is no very good reason why parties should not be permitted to contract for a limited responsibility in matters which concern themselves as to rights to property only. The shipper may rely on the responsibility which the common law imposes, if he sees fit, or he may limit and qualify such liability by contract; in which case, if the stipulation does not cover losses attributable to negligence or misconduct, there is no reason why the court should not give full effect to and enforce the contract. Where such contract is challenged for want of a consideration to support the special stipulation exempting the carrier from common-law liability, such challenge will be of no avail, without affirmative evidence to support it.' True, plaintiff testified that the defendant's rate on cheese from Verona to Chicago was twenty-five cents per hundred pounds, and that it charged the same in cases where a receipt was not given; but that, standing alone, comes far short of satisfactorily impeaching the presumption of a consideration arising from the making and acceptance of the contract. If the rates for the carriage of freight were fixed by a general rule of the company, with reference to exemption from some common-law liabilities, the fact that in some or many cases receipts containing such exemption were not given is not material.

The next assignment of error is that the findings of fact are contrary to the law and the evidence. Several reasons are given to support this contention, one of which is that,

conceding that the bill of lading was a valid contract, the happening of the fire raised a presumption of negligence, and the burden of proof was on the defendant to meet and rebut such presumption, and, by affirmative evidence, show that it was free from actionable fault.   Numerous authorities to support this contention are cited by the learned counsel for the appellant, and the point is pressed with considerable confidence upon our attention.   The books are full of cases touching this subject, and they are in irreconcilable conflict.   Therefore, to discuss even the more important adjudications upon both sides of the controversy would take up much space in this opinion, without any end being attained other than to demonstrate what is here stated, that the conflict is irreconcilable.

Without indulging in an extended discussion of authorities that where a common carrier relies upon an exemption by contract from liability it is not sufficient to bring him within such exemption merely to show that the loss accrued thereby, but that he must, in addition, make a *prima facie* case of freedom from negligence contributing to the loss, *Brown v. Adams Exp. Co.* 15 W. Va. 812; *Berry v. Cooper*, 28 Ga. 543; *Union Exp. Co. v. Graham*, 26 Ohio St. 595; *U. S. Exp. Co. v. Backman*, 28 Ohio St. 144, and many others cited by appellant's counsel, are in point.   *Black v. Goodrich Transp. Co.* 55 Wis. 319, and *Browning v. Goodrich Transp. Co.* 78 Wis. 391, counsel cite to the same point, but a careful reading of those cases fails to disclose any reason for such citation.   In *Black v. Goodrich Transp. Co.*, *supra*, it was held, in effect, that the presumption is that the carrier of goods is under the common-law responsibilities, and that the burden of proof is upon him who seeks to avoid such responsibilities to show that there was a contract to that effect; and in *Browning v. Goodrich Transp. Co.*, *supra*, it was held that where a contract required goods to be transported and landed on a dock, without liability, however, for

the dangers of navigation, the burden of proof was upon the defendant to show that the goods were so landed, or that the loss happened within the exemption. It will readily be seen that such rulings did not reach the question now under discussion. Such question would have arisen in the latter case if the loss of the goods had been shown to have been caused by fire,—one of the perils expressly stipulated against. Would the burden of proof then have been upon the defendant to show freedom from negligence in respect to such fire? That is believed to be a question not heretofore distinctly decided by this court. That the burden of proof in such a case is on the shipper, see *Whitworth v. Erie R. Co.* 87 N. Y. 413; *Lamb v. C. & A. R. & T. Co.* 46 N. Y. 271; *Farnham v. C. & A. R. Co.* 55 Pa. St. 53; *Patterson v. Clyde,* 67 Pa. St. 500; *L. R., M. R. & T. R. Co. v. Talbot,* 39 Ark. 523; *Railroad Co. v. Reeves,* 10 Wall. 176; *Read v. St. L., K. C. & N. R. Co.* 60 Mo. 199; *Davis v. W., St. L. & P. R. Co.* 89 Mo. 340; *Colton v. C. & P. R. Co.* 67 Pa. St. 211; *Constable v. Nat. S. S. Co.* 154 U. S. 51.

In *Clark v. Barnwell,* 12 How. 272, the language of the contract excepted the carrier from liability for losses from "the dangers of the sea." The evidence showed that the loss was caused by one of the excepted perils. In discussing the subject under consideration, Mr. Justice NELSON said: "After the damage to the goods has been established, the burden lies upon the respondents to show that it was occasioned by one of the perils from which they were exempted by the bill of lading. Nevertheless, the shipper may still recover by showing that the exercise of reasonable care and skill on the part of the carrier would have avoided the loss, for in that case the loss would have been attributed, not to the perils of the seas, but to inattention to duty on the part of the servants of the carrier; but in that stage of the case the burden is upon the shipper to establish negligence of the carrier by affirmative evidence." This was followed in *Trans-*

*portation Co. v. Downer,* 11 Wall. 129, as the settled doctrine of the federal court. Mr. Justice FIELD, in delivering the opinion of the court, said, in effect, that proof on the part of the carrier that the loss accrued by one of the dangers stipulated against, *prima facie* relieves the carrier of all liability, and casts upon the shipper the burden of showing liability, nevertheless, by evidence of the carrier's negligence; that a presumption of negligence, other than in exceptional cases, does not arise from the mere fact of the happening of an accident; hence, that there must be, in addition to the proof of the accident, some reasonable affirmative evidence of negligence. To the same effect are *Constable v. Nat. S. S. Co., supra; The Timor,* 14 C. C. A. 412, 67 Fed. Rep. 356; *The New Orleans,* 26 Fed. Rep. 44; *The G. R. Booth,* 64 Fed. Rep. 878; *The Dunbritton,* 61 Fed. Rep. 764.

This is an important commercial question, upon which this court has not, up to this time, as heretofore stated, expressed an opinion. Therefore it is considered that we should follow the rule laid down by the supreme court of the United States in *Clark v. Barnwell, supra,* and since followed by all the federal courts,— that is to say, that the common carrier of goods, by a special contract, may limit the liability imposed by the common law, other than for losses by negligence or misconduct, and in an action by the shipper to recover of the carrier for loss of goods during the performance of the contract of carriage, proof on the part of the latter that such loss accrued through one of the excepted perils constitutes, *prima facie,* a complete defense to the action, and such defense can only be avoided by proof that negligence on the part of the carrier directly contributed to such loss; the burden of establishing the facts in that regard being on the plaintiff. All mere presumptions of fault on the part of the carrier are overcome by proof of the special exemption from liability, and that the loss ac-

crued from the excepted cause. This case comes within that rule, and most clearly from the fact that the language of the contract itself quite distinctly casts the burden of establishing negligence onto the plaintiff. The language to the effect that the defendant shall not be liable for any loss by fire, *unless it can be shown that such loss occurred through negligence or default of the agent of the company*, very clearly calls for some showing of negligence by affirmative evidence in order to establish liability on that ground. In *Wertheimer v. P. R. Co.* 17 Blatchf. 421, the language of the bill of lading was substantially identical with that under consideration, i. e. the company shall not be responsible for loss or damage by fire, *unless it can be shown that such damage or loss occurred through negligence or default of the agents of the company;* and Mr. Justice WALLACE said: "The effect of the contract was to impose upon the plaintiff the burden of proving that the loss of the goods by fire arose from the negligence of the defendant or its agents."

It is further contended, under the fourth assignment of error, that the contract was not binding upon plaintiff, because he did not know or consent to its provisions. From the delivery and acceptance of the bill of lading at the time the goods were delivered to defendant for shipment, the presumption arises that plaintiff assented to it. *Boorman v. Am. Exp. Co.* 21 Wis. 152; *Strohn v. D. & M. R. Co.* 21 Wis. 554; *Louisville & N. R. Co. v. Brownlee,* 14 Bush, 590. Such is the general rule. The presumption is not conclusive, but mere ignorance of the contents of the bill of lading, arising from failure to read it or to make some reasonable effort to obtain information in that regard, in the absence of any evidence of fraud on the part of the defendant or of the use of any means to deter the shipper from fully understanding the contract, is not sufficient to overcome it. While in some jurisdictions an express assent is necessary, or proof of knowledge of the special stipulations inconsistent with

the common-law liability, such is not the rule here or by the great weight of authority elsewhere. Ray, Neg. Imp. Duties (Freight Carriers), 130; Hutchinson, Carriers, § 245; *York Co. v. Central Railroad*, 3 Wall. 107; *Bank of Kentucky v. Adams Exp. Co.* 93 U. S. 174; *Grace v. Adams*, 100 Mass. 505; *McMillan v. M. S. & N. I. R. Co.* 16 Mich. 79. While the carrier, in the making of such a contract, must act in the utmost good faith and with the utmost fairness, if such carrier, in the regular course of business, delivers the contract to the shipper upon the latter's delivery of the goods for shipment, without any circumstance of concealment or any act to deter the shipper from understanding its provisions, nothing further on the carrier's part is required. In the absence of any request for an explanation of the contract, the carrier owes no duty to the shipper to make such explanation, and the latter cannot successfully allege ignorance of the contract merely because he negligently failed to inform himself of its provisions. The familiar rule applies that if a person makes a written contract with another, he takes upon himself the responsibility of acting intelligently, and exercising ordinary care to inform himself of its provisions. Failure to read the contract or to examine it, or, in case of inability to do so without assistance, to obtain such assistance if reasonably within reach, is negligence as a matter of law. Ignorance which springs from negligence does not affect the presumption of assent to the contract. In view of the way business has been conducted by transportation companies for a long period of time, as a matter of common knowledge, there is no reason why contracts between such companies and their customers should be excepted from the foregoing rule. No one of mature years and ordinary intelligence and experience in life can plead ignorance of the fact that it is the common practice of such companies to make written contracts for the carriage of freight, and that such contracts uniformly contain some ex-

emptions from common-law liabilities; therefore, no warning of that fact is required in order to put the shipper upon his guard. The same rule applies here as in other cases respecting the subject of negligence. There is no duty to warn or explain in respect to matters which are known, or can be ascertained by the exercise of ordinary care.

The foregoing covers all the questions necessary to be decided on this appeal. Whether, by the law of Illinois, the contract of carriage terminated before the fire, was discussed by counsel, but the trial court did not make any finding of fact in respect to such law, and did not consider that question in coming to the legal conclusions complained of. As the result of the foregoing is that the judgment must be affirmed on the grounds upon which the learned circuit judge placed it, it is not deemed necessary to consider any further question.

*By the Court.*— The judgment of the circuit court is affirmed.

On a motion for a rehearing the appellant contended that the rule permitting carriers to exempt themselves from common-law liabilities had been abrogated by the interstate commerce law, so far as it applied to carriers engaged in interstate commerce. *Wehmann v. M., St. P. & S. S. M. R. Co.* 58 Minn. 22; *Mobile & O. R. Co. v. Dismukes,* 94 Ala. 131; *Southern Wire Co. v. St. Louis B. & T. Co.* 38 Mo. App. 191; *Gerber v. Wabash R. Co.* 63 id. 145.

The motion was denied September 28, 1897.

As to the right of a common carrier to limit its common-law liability in cases where there is no negligence, see note to *Little Rock & Ft. S. R. Co. v. Cravens* (57 Ark. 112), in 18 L. R. A. 527.— REP.