HECHT and another, Respondents, vs. GRAND TRUNK RAIL-
WAY COMPANY OF CANADA, Appellant.

*September 4—September 24, 1907.*

*Carriers: Contract limiting liability: Negligence: Burden of proof:
Sufficiency of evidence.*

1. In an action by consignees of plate glass against a carrier for
   negligence resulting in breakage of the glass in transportation,
   assuming that the words "Owner's risk breakage," written on
   the bill of lading, prevented any presumption of negligence
   from the mere fact of breakage and cast upon plaintiffs the
   burden of proving negligence affirmatively, no particular class
   or kind of evidence was required, other than such as would be
   sufficient for any other plaintiff upon whom rested the burden
   of proving negligence.
2. Evidence in such case that the glass was whole when shipped
   and was packed in the usual manner; that glass so packed ordi-
   narily came through without breakage; that when it arrived,
   and before unloading, the boxes were found to have been moved
   out of place in the car, the braces supporting them cracked,
   the spiked blocks of wood displaced, and one of the boxes some-
   what broken; and that when the boxes were opened the glass
   was found broken,—was sufficient to carry the question of the
   carrier's negligence to the jury.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

The action was for negligence against the defendant, a
common carrier, in the carrying of sixteen boxes of plate
glass, whereby it was claimed some of the glass was broken
in transportation. The evidence tended to show that the
boxes containing the glass were properly packed, placed in
the car with contents sound, and secured in position on the
car by the shipper, but were received by the consignees in a
condition indicating displacement on the car and partial
breaking of one of the boxes; and when the boxes were un-
loaded and opened by the consignees some of the glass, to
the value of $313.15, was found to be broken. The bill of

lading had written thereon, "Owner's risk breakage." Upon this evidence the court below denied the motion for a non-suit and a motion to direct a verdict in favor of the defendant, and submitted the question of defendant's negligence to a jury, who found against the defendant, and from a judgment on such verdict defendant appeals, assigning error upon the refusal to grant a nonsuit and the refusal to direct a verdict.

*G. W. Hazelton,* for the appellant.

For the respondent there was a brief by *Hoyt & Olwell,* and oral argument by *F. W. Hoyt.* To the point that the evidence was sufficient to justify a finding of negligence, they cited *Kirst v. Milwaukee, L. S. & W. R. Co.* 46 Wis. 489; *Scott v. London & St. K. Docks Co.* 3 H. & C. 596; *Congar v. G. & C. U. R. Co.* 17 Wis. 477; *Phœnix C. P. Works v. P. & L. E. R. Co.* 139 Pa. St. 284; *The Timor: Nordlinger v. Nelson,* 46 Fed. 859; *Pa. R. Co. v. Naive,* 112 Tenn. 239, 79 S. W. 124; *Union Exp. Co. v. Graham,* 26 Ohio St. 595; *Hunnewell v. Taber,* 12 Fed. Cas. 895; *Nashville & C. R. Co. v. Jackson,* 6 Heisk. 271; *South & N. Ala. R. Co. v. Wilson,* 78 Ala. 587; *Canfield v. B. & O. R. Co.* 93 N. Y. 532; *D'Arc v. L. & N. W. R. Co.* L. R. 9 C. P. 325; *Gulf, C. & S. F. R. Co. v. Roberts* (Tex.) 85 S. W. 479.

Timlin, J. The appellant relies on *Schaller v. C. & N. W. R. Co.* 97 Wis. 31, 71 N. W. 1042, and doubtless that case settles the law for this court upon the points involved therein, leaving only the question of its applicability to the instant case. That case, however, is one of a class of cases whereby specific or described peril or possible cause of loss is excepted, unless it can be shown that such loss occurred through negligence or default of the agent of the company. The case at bar covers all perils or possible causes of loss which might result in breakage. This word would probably include all damage to the merchandise in question, for glass is damaged

if at all by breakage. Then, again, the rule of the former case does not exclude evidence of the negligence of the carrier, nor limit the owner to any particular class or kind of evidence with which he must establish negligence. With the burden of proof upon him to establish the negligence of the defendant in order to hold the latter liable, the plaintiff is in the position of an ordinary suitor asserting the affirmative; and we know of no reason why he could not lift this burden by the same evidence sufficient for any other plaintiff upon whom the burden of proof rests. This is recognized in *Transp. Co. v. Downer,* 11 Wall. 129, cited and followed in *Schaller v. C. & N. W. R. Co., supra;* also *Kirst v. Milwaukee, L. S. & W. R. Co.* 46 Wis. 489, 1 N. W. 89; *Congar v. G. & C. U. R. Co.* 17 Wis. 477; *Phœnix C. P. Works v. P. & L. E. R. Co.* 139 Pa. St. 284, 20 Atl. 1058.

Assuming as most favorable to the defendant, without deciding that point, that the exemption from liability found on the bill of lading in the instant case has the same scope and effect as the exemption from liability found in *Schaller v. C. & N. W. R. Co., supra,* and that the burden of proof was on the plaintiffs, there was evidence that as the merchandise arrived on the car, and before unloading, the boxes had been moved out of place, the braces supporting them cracked, the spiked blocks of wood displaced, and one of the boxes somewhat broken. This, together with proof that the glass was whole when shipped and was packed in the usual manner, and that glass packed in this manner ordinarily came through without breakage, and that this glass was found broken when the boxes were opened, constituted sufficient evidence of defendant's negligence to go to the jury on this question. The appellant is therefore on this question concluded by the finding of the jury based on sufficient evidence.

*By the Court.*—The judgment of the circuit court is affirmed.