Ashton and another, Respondents, vs. Chicago & Northwestern Railway Company, Appellant.

*April 3—April 30, 1929.*

620

For the appellant there was a brief by *J. F. Baker* and *Llewellyn Cole,* both of Milwaukee; and oral argument by *Mr. Cole.*

For the respondents the cause was submitted on the brief of *Jonas Radcliffe* of Eagle River, attorney, and *Luchsinger & Riley* of Oshkosh, of counsel.

STEVENS, J. The defendant company is not liable for the loss of plaintiffs' lumber unless it was guilty of negligence, regardless of the question of whether the relationship of shipper and carrier was created before the fire occurred. If the course of business pursued by these parties for four years prior to the fire was such as to create the relationship of shipper and carrier without the agent signing the bill of lading, the rights and liabilities of these parties must be determined under the terms of the standard bill of lading which was made out for the car in question by the plaintiffs and mailed to defendant's agent. This bill of lading provided that "property . . . taken from a station . . . at which there is no regularly appointed freight agent shall be entirely at risk of owner, . . . except in case of carrier's negligence, . . . until the cars are attached to . . . locomotive or train." This provision is valid as it does not attempt to exempt the railway company from the consequences of its own negligence. *Schaller v. C. & N. W. R. Co.* 97 Wis. 31, 36, 71 N. W. 1042. This is not an unreasonable provision, as the shipper is usually better able to protect his property at such a siding than is the agent of the company located at a station some miles away.

Under this form of contract it is immaterial, under the facts of this case, whether the liability of the defendant be that of a carrier or a warehouseman. In either case there

must be proof of negligence. So that the liability of the defendant in this case turns on the question whether there is evidence to sustain the finding of the jury that the defendant was guilty of negligence. The plaintiffs concede that the fact that the defendant failed to police the car will not support the finding of negligence, because the record does not show that there was any intrusion into the car or that the burning of the car was brought about by any misuse of the heaters by such intruders.

The only evidence which tends to sustain the finding of negligence is that given by employees of the plaintiffs who testified that when the person who ordered the refrigerator car opened the door of the car in the afternoon preceding the fire that they saw smoke coming out of the car. These witnesses did not examine the car. Some of them qualified their statements by saying that it was "smoke or gas or whatever they call it," or that it was "smoke—heat coming out." Viewed in the light of all the proof, it seems clear that what these witnesses saw was the waves of heat coming out of the car into the cold air outside, which was at a temperature below zero. The charcoal heaters produce no smoke. It seems incredible that the shipper who entered the car and inspected the heaters and the men who loaded the lumber car would leave these cars without any effort to protect them and the lumber, if there was any fire in the car which produced smoke. The able trial judge considered it a close case. His decision was based on the ground that the defendant company was liable as a common carrier. The provision of the bill of lading which is quoted above does not seem to have been called to his attention or considered by him.

The finding of negligence on the part of the railway company cannot be sustained under the doctrine of *res ipsa loquitur*. This rule of evidence "is merely a short way of saying that the circumstances attendant upon the accident are themselves of such a character as to justify a jury in in-

ferring negligence as the cause of the injury. It in no wise modifies the general doctrine that negligence will not be presumed." 2 Jones, Commentaries on Evidence, sec. 183*b*.

While some of the earlier cases approve the doctrine that the mere happening of an accident or the sustaining of a loss on a railway raises a presumption of negligence, "this doctrine is now abandoned, and it is quite universally held that the evidence must go further, and tend in some tangible way to show that the accident resulted from something connected with the operation of the railway." *Spencer v. C., M. & St. P. R. Co.* 105 Wis. 311, 314, 81 N. W. 407.

It is only when the agency or the thing causing the injury or the loss is under the control and management of the defendant that the doctrine of *res ipsa loquitur* applies. *Stimson v. M., L. S. & W. R. Co.* 75 Wis. 381, 383, 44 N. W. 748; *Cummings v. National F. Co.* 60 Wis. 603, 612, 18 N. W. 740, 20 N. W. 665. Under the provisions of the uniform bill of lading both of the cars on the siding were under the protection and at the risk of the shippers who had ordered them. Until they were attached to a train or a locomotive, they did not pass under the control and management of the defendant.

Even if the defendant were liable as a common carrier, proof "that the loss accrued by one of the dangers stipulated against, *prima facie* relieves the carrier of all liability, and casts upon the shipper the burden of showing liability, nevertheless, by evidence of the carrier's negligence. . . . The common carrier of goods, by a special contract, may limit the liability imposed by the common law, other than for losses by negligence or misconduct, and in an action by the shipper to recover of the carrier for loss of goods during the performance of the contract of carriage, proof on the part of the latter that such loss accrued through one of the excepted perils constitutes, *prima facie,* a complete defense to the action, and such defense can only be avoided by proof

that negligence on the part of the carrier directly contributed to such loss; the burden of establishing the facts in that regard being on the plaintiff. All mere presumptions of fault on the part of the carrier are overcome by proof of the special exemption from liability, and that the loss accrued from the excepted cause." *Schaller v. C. & N. W. R. Co.* 97 Wis. 31, 40–41, 71 N. W. 1042.

The loss occurred during the time that the defendant was exempt from liability by the express terms of its bill of lading, unless it was guilty of negligence. *Prima facie* that exemption constitutes a complete defense to this action unless the plaintiffs affirmatively establish the fact that the loss was occasioned by the negligence of the defendant. The plaintiffs have not met the burden resting on them by presenting evidence that tends to establish such negligence or to take the issue of the cause of the fire out of the realm of pure conjecture and speculation. The judgment must therefore be set aside and the cause remanded with directions to dismiss the complaint.

*By the Court.*—So ordered.