J. KALLMAN *et al.* v. THE UNITED STATES EXPRESS COMPANY.

*Error from Leavenworth County.*

Common carriers engaged generally in the business of receiving and forwarding goods, &c., for hire, may so limit their common law liability, by an express contract or acceptance of goods, &c., requiring reasonable regulations relating to the manner of delivery and entry of packages, information of their contents, &c., as to be liable only according to the terms of such contract or acceptance, but cannot in that manner shield themselves from fraud, gross negligence or want of care.

Where the receipt of a common carrier (an express company,) contains a stipulation that the company are not to be held liable for any loss or damage except as forwarders, nor on any package or thing for over $150, unless the true value thereof is in such receipt stated, and where the receipt failed to show any value of the goods shipped, but where on the trial the value thereof proved, was $592, 53-100 for which the jury in the court below found a verdict of damages on error from an order of the court below, setting aside the verdict; *Held* that the company was not bound to inquire as to the true value of the goods, but the shipper having received such a receipt without objection, is bound by its terms; *Held* that the burden of bringing notice of a change of common law liability home to the knowledge of the shipper, rests upon the carrier, but that established, the burden of proving negligence or fraud in the carrier is thrown upon the shipper.

In such case where the record shows a conflict of testimony as to negligence, and where the court below granted a new trial on the ground of excessive damages, *Semble*, the Supreme Court may notice any substantial error fairly raised by the record, and regard the ruling complained of as resting upon such error; the record in this case showing error, in that the court below required the defendants below after the plaintiff filed a reply, and the defendants moved a postponement, immediately to proceed to trial; *Held* that upon the whole record the order setting aside the verdict should not be reversed.

This action arose in Leavenworth county District Court, was brought by the plaintiffs in error against the defendants in error, to recover the value ($592.53) of certain goods purchased by plaintiffs in error in Detroit, Mich., and shipped thence to Leavenworth with defendants in error.

The evidence showed the goods to have been shipped in a trunk, which defendants below claimed they never knew the contents of, but delivered the same to the plaintiffs below at Leavenworth. The plaintiffs filed their petition July 21st, 1864. The answer was filed September 8th, 1864, and on the 17th day of November, A. D. 1864, the plaintiffs moved for leave to file a reply, which was granted, and under objections of defendants the reply filed, whereupon the defendants moved for a continuance, which motion was overruled and defendants excep'ed. A jury was immediately called and the case brought to trial before the jury, who returned a verdict for the plaintiffs of $592.53.

Defendants moved for a vacation of the verdict and for a new trial on grounds: 2d, because the court irregularly allowed the filing of a reply on the day of trial against the objection of defendants. 3d. Because defendants were surprised. 4th. Because of error in the assessment of the amount of recovery. 8th. Because of the refusal to grant a continuance. The motion for a new trial was granted. The plaintiffs below filed a bill of exceptions, showing the evidence, and among the rest the receipt of the express company given at Detroit, providing as follows: " Received of Heavenrich Bros., one trunk, said to contain merchandise valued at —— dollars, and marked Julius Kallman, Leavenworth, Kansas, which we undertake to forward to Leavenworth, only perils of navigation excepted. And it is hereby expressly agreed that said express company are not to be held liable for any loss or damage except as forwarders only, nor for loss or damage of any box, package or thing for over $150, unless the just and true value thereof is herein stated, nor for any loss or damage by fire, nor upon any property or thing unless properly packed and secured for transportation, nor upon fragile fabrics unless so marked, &c." The evidence as to the care used by the express company was conflicting. The

court below granted the motion for a new trial, placing it upon the ground of excessive assessment of damages by the jury.

The case was argued by *Gambell*, for plaintiffs, and by *Wheat* for defendants in error.

The points made by *Hemingray*, *Gambell* and *Fitzwilliams*, for plaintiffs in error, have not been preserved.

*Clough & Wheat*, for defendants in error, submitted the following:

1st. The bill of exceptions does not disclose whether any or what evidence was adduced on the motion for a new trial. The grounds assigned are sufficient. It will be presumed that the grounds were sustained by evidence.

2d. The reason assigned by the court below for granting a new trial, has nothing to do with whether it was or was not error. The only question involved is, can the court here from the record see that the court erred. *Mc. Crary* v. *Cockrill, et. al*, 3 *Kans. R MSS.*

3d. The Court ought to have granted a postponement after the filing of the reply. *Leibey* v. *Mallery*, 1 *Kansas R.*, 97; *Comp. L.*, 142, *sec.* 113, *p.* 236, *sec.* 2.

4th. On the contract proved, plaintiffs could recover only $150.

*a.* The bill of lading received by plaintiffs prescribes the terms of the contract. *Angell on Car.*, *secs.* 223, 229, 250; 1 *Greenl. Ev. sec.* 305; *May* v. *Babcock, et al.*, 4 *Ohio*, 334, *and cases there cited*; *Steamboat Emily* v. *Carney, et al.*, 3 *Kans. R. MSS*, 1 *Kernan*, 492, 493, *and cases.*

*b.* That the limitation of common law liability expressed in the receipt is reasonable and valid. *See Angell on Car.*, *secs.* 233 *and note* 1, 245 *and note* 4, 253, 266; 9 *Wendell*, 115. *See also Angell on Car.*, *secs.* 220, 224, 232, 234, 239, 243 *and note* 1, 250; 6 *How. U. S.*, 334; 26 *Vt.*, 247; 1 *Kern.*, 485.

*By the Court*, SAFFORD, J.

Of the several questions raised by the record in this case, and argued with much industry by the counsel, a portion only will be considered by the court here, inasmuch as our determination, in accordance with our views of the law, will practically dispose of the case.

The first is: can common carriers, engaged generally in the business of receiving and forwarding goods, wares, merchandise, moneys, &c., from one part of the country to another, for hire, so limit their liability by an express contract, or qualified acceptance of goods, &c., for carriage, as to be liable only, according to the terms of such contract or acceptance.

An examination of the authorities bearing upon this point, will we think, show that they may do so, provided however, that due care and diligence be used in the discharge of their trust. But carriers cannot in this way, shield themselves from the consequences of fraud, gross negligence and want of care.

Such is the settled doctrine in England, and this conclusion has there been arrived at, after much and very persevering judicial investigation. (*See Angell on the law of Carriers*, sec. 220, *also Story on Bailments*, sec. 549.) The decisions in this country have been far from uniform on this subject. In New York it has been expressly held that a common carrier could not restrict his obligation, even by a special contract. (*Gould* v. *Hill*, 2 *Hill.*, 623.) The same doctrine has been laid down by the Supreme Court of Georgia. (*Fish* v. *Ross*, 2 *Kell.*, 349.) So also an analogous principle was asserted by the Supreme Court of Ohio in Jones *v.* Voorhees, (10 Ohio, 145).

But it is to be remarked that latterly and since the opinion of the Supreme Court of the United States, in the case of the New Jersey Steam Navigation Company *v.* Merchants' Bank, (6 How. U. S. R., 344,) the courts of New York even, have receded from the doctrine first held, so

far as respects the competency of carriers to make special agreements, and have adopted the views expressed in the case referred to. (*See Parsons* v. *Monteith*, 13 *Barb.*, *Supreme Court R.*, 358, *and Moore* v. *Evans*, 14 *Id.*, 624). So also have the courts of other states hel l. Until now, the rule may be said to be sustained by authority, that a common carrier may, by express contract or agreement with the owner, so far vary and change his relation as to become a private carrier. (*See Angell*, *secs.* 239, 245, *and the authorities there cited*). See also 2 Greenleaf, sec. 215, where he holds the following language:

"It is now well settled that a common carrier may qualify his liability by a general notice to all who may employ him of any reasonable requisitions to be observed on their part in regard to the manner of delivery and entry of parcels and the information to be given to him of their contents, &c., as that he will not be responsible for goods above the value of a certain sum, unless they are entered as such, and paid for accordingly."

Still other authorities might be referred to, but we do not deem it necessary to pursue this inquiry further. The defendants in this case were common carriers, and as such, they had a right to restrict their common law liability, by notice, if brought home to their employer, or by express contract or special acceptance. In this case, that liability was limited by a special contract set out and contained in the bill of lading or receipt given by the express company on taking charge of the goods. The limitation was as follows:

"And it is hereby expressly agreed that said United States Company are not to be held liable for any loss or damage except as forwarders only, nor for any loss or damage of any box, package or thing for over $150, unless the true value thereof is herein stated," &c. No value was given in the bill of lading which was delivered to the shipper by the express company, and received by him without

27

objection, thus consenting and agreeing that the plaintiffs should be bound by its terms.    If he had desired to make the company responsible for the full value of the goods, he had only to furnish them with the amount and have it inserted in the bill.    But it may be said that the company were bound to make inquiry as to the value of the goods if they desired to obtain the benefit of this limitation upon their liability,    We confess that we are not able to see any good reason for making such a requirement a condition precedent in such case.    The company exhibits to the employer the exact conditions upon which they will receive his property for carriage, to which he may assent or not as he may choose.    If he assent, we think he should be bound thereby.    As in this case, if the real value of the property was $592.53, the employer in case of loss, would be as much, nay more interested in having such value truly stated in the bill of lading or receipt, as the company could possibly be in having the value understated.    He ought then to have made known to the company the true value of the goods, and more especially, as the limitation upon the liability of the company was so plainly stated in the receipt.    But while it is true that carriers may limit their liability in the manner pointed out, it is none the less true, as we have already observed, that if they are guilty of gross neglect in the discharge of their trust, and loss is occasioned thereby, they will be liable for the full value of the property lost, notwithstanding the limitation.    It is only when such carriers act in good faith and use due care and diligence in and about their business that the law permits them to have the benefit of limitations like that under consideration.    This is eminently just. But when carriers have once succeeded in restricting their liability by special contract or acceptance, where does the burden of proof rest as to the question of negligence? The authorities seem to be clear and uniform on this point, that the burden of establishing the fact of negligence is

upon the plaintiff. In the case before referred to (6 How., 344,) the court say: "The respondents having succeeded in restricting their liability as carriers by the special agreement, the burden of proving that the loss was occasioned by the want of due care, or by gross negligence, lies on the libelants, which would be otherwise in the absence of any such restriction." So also in Angell on the law of carriers, (sec. 276,) it is said, in respect to notices: "It has been shown that the burden of proof is on the carrier to show a knowledge of his notice in the person sending the goods, but when that is made fully to appear, the burden of proof is thrown on the person sending the goods, to show negligence, &c., in the carrier." With how much greater reason ought this rule to apply in cases where a special contract has been made between the parties, we think most clearly appears in this instance. It was not contended in this case, but that the plaintiff would be entitled to recover the sum of $150 in case it were proven that the goods were lost. This proposition being established, it was then incumbent on the plaintiff to show that the loss had occurred through the fraud, misfeasance or gross negligence of the company, or its agents, before they could expect or ask to recover a larger sum. The record purports to set out all the evidence in the case. This we have carefully examined, with a view to the question of gross negligence, but inasmuch as we find it conflicting beyond all hope of reconciliation, we have felt impelled to forego considering this point as presented, but we may remark in passing, that the decision of the court below upon the motion for a new trial, shows that the testimony upon this subject was not sufficient in the opinion of the court to justify a recovery of more than the sum specified in the receipt. In other words, the court found upon consideration of the motion, not only that the damages were excessive, but that the verdict was not sustained by sufficient evidence.

The bill of exceptions shows that the court granted a

new trial on the ground of excessive damages, and yet it is insisted for the defendant, that this court may consider other objections which are raised, we do not see any objection to this court noticing any substantial error fairly raised by the record, and if we find such error to exist, to regard the decision of the court on the motion for a new trial, as resting thereon. The rulings of the court in reference to the filing of the reply in this case and requiring the defendant to proceed to trial immediately thereafter, notwithstanding objections made, may have tended to the prejudice of the defendants, being in the nature of a surprise upon him. It is not necessary to discuss this point however, any further than to remark that it was strongly urged upon the court as a ground for a new trial, and may have influenced its decision. Taking the whole case together, we are unable to come to the conclusion that the court erred in granting the motion for a new trial.

Affirmed and cause remanded with instructions to the District Court to proceed with the new trial.

All the justices concurring.