## LITTLE ROCK, MISSISSIPPI RIVER & TEXAS RAILWAY V. HARPER & WILSON.

RAILROADS:  *Negligence:   Loss by fire.*

When a carrier contracts for exemption from liability for losses occurring by fire, the owner of goods lost by fire cannot recover for them without affirmative proof that the fire was the result of negligence.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*J. M. Moore* for appellant.

The carrier, having stipulated for exemption from loss by fire, was only liable for negligence, and the burden of proving such was on plaintiffs (*39 Ark., 523*), and there was not a shadow of evidence to show that the fire originated or was caused or permitted by the negligence of appellant or its servants or employes.

*McCain & Crawford.*

The *extraordinary* circumstances of the burning call for some explanation on the part of appellant.

Argue upon the evidence, and contend that the instructions and verdict are in accord with the law as laid down in *11 Wallace, 134, and 3 Hurl. & Colt., 596.*

The circumstances show negligence, and it was a proper question for the jury to determine. *Thomp. on Neg., p. 1227, et seq.*

SMITH, J.   This action was to recover the value of goods which the railway company had received and undertaken to transport over its line, but which were burned on the company's wharf-boat at Arkansas City.   The bill of lading

stipulated for exemption from liability for loss by fire, but the complaint averred that the fire was a negligent one. The answer denied negligence, and upon this issue the parties went to the jury, who found for the plaintiffs.

One assignment in the motion for a new trial alleges that there is no legal evidence to support the verdict. The bill of lading is dated June 17, 1880, and the goods were to be conveyed from Memphis to Arkansas City on the steamer Vicksburg, and thence over the defendant's road to Monticello. On the 20th of June, about 6 a. m., the wharf-boat in which the goods were, and which was used as the defendant's depot or warehouse, was discovered to be afire, and the same, with its contents, was consumed. The origin of the fire is unknown, but all the evidence tends to prove it was accidental. The boat was in first-rate condition, and adapted to the purpose for which it was used, No fires were kept on it for cooking or other purposes, and it was manned with a mate and a watchman. The mate was absent at the time, having gone for his breakfast, but the watchman was aboard or on the stage plank. No houses or chimneys were nearer than two hundred and fifty yards, and no steamboats had passed on the river later than 4 a. m., when one which had called at the wharf-boat departed. The boat was worth $7,500 or $10,000, and was insured for $6,000.

This was the substance of the evidence, and it was utterly insufficient to base a verdict upon. The carrier having contracted for exemption from responsibility for losses occurring by fire, the plaintiff could not recover without affirmative proof that the fire was the result of negligence. *L. R., M. R. & T. Ry. v. Talbot, 39 Ark., 523.*

*Carrier's liability for loss by fire.*

The testimony has no tendency to prove the issue, and this is not a case where it can be said, *res ipsa loquitur.* For fires of whose cause no intelligent explanation can be

14

given, are not of such unusual occurrence that the jury might infer negligence in the defendant's servants from the mere happening of the accident.

Reversed and remanded for a new trial.