Charles A. Buddy, Respondent, v. The Wabash, St. Louis & Pacific Railway Company, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1.   Common Carriers—Rule as to Delivery.—After reaching their destination, the contract of a carrier of goods does not contemplate a delivery of the goods at the place of business of the consignee, but at the depot, used by the carrier for delivery, and they are not even required to notify the consignee. On the arrival of the goods at their destination, after they have been discharged from the cars, the liability of the railroad company as a common carrier ceases, and it becomes a bailee for hire.

2.   —— Evidence in Case of Injury—Onus on the Carrier, Unless Contract to the Contrary.—In an action against the carrier, as such, when the goods are shown to have been delivered to the carrier free from injury, and delivered by it to the consignee injured, the *onus* is on the carrier to account for the injury. But it may show that the injury occurred by one of the causes excepted in the undertaking. It is in cases where the contract is that the owner shall accompany the property, and have it in his own charge, and does in fact do so, that the *onus* is on the owner. In case of goods being stored, after arrival, it may show its liability to be that of warehouseman.

Appeal from Buchanan Circuit Court, Hon. Joseph P. Grubb, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

GEO..S. GROVER, for the appellant.

I.   The demurrer to the evidence should have been sustained. There was no proof of any negligence whatever on the part of defendant. Lawson on Contract of Carriers, sect. 187, and cases cited. The contract was to transport the goods to Chicago ; not *to the store of the consignee. Ibid*, sect. 248 ; *Clark v. R. R.*, 64 Mo. 440 ; *Sturgeon v. R. R.*, 65 Mo. 569 ; *Cramer v. Express Co.*, 56 Mo. 524.

II.   The instructions given for plaintiff were not based on the evidence and were, therefore, erroneous. Thompson on Charging Jury, sect. 63.    *Union R. R. T. Co. v. Traube*, 59 Mo. 355.

III.   The instructions asked by defendant and refused properly declared the law.    Same authorities point II, *supra* ; Sedgwick on Measure of Damages (7 Ed.) 79 ; *Brown v. Emmerson*, 18 Mo. 103 ; *Douglass v. Stephens*, 18 Mo. 362 ; *Owen v. O'Reilly*, 20 Mo. 603.

B. R. VINEYARD, for the respondent.

I.   The bill of lading, constituting the contract between the parties in this case, required defendant to deliver the apples, acknowledged to be in good order and condition, to the consignees or assigns at Chicago.    Certainly, under such contract, the company ought to have delivered the goods as per agreement, to the consignees at Chicago, or at least given notice of their arrival. Rev. Stat., sect. 802 ; *Erskine v. Steamboat*, 6 Mo. 372 ; *Sherman v. R. R.*, 64 N. Y. 254 ; *Express Co. v. Ohlerman*, 92 Pa. St. 323 ; *McGraw v. R. R.*, 13 W. Va. 361.    And if the consignees had not applied for them in a reasonable time, the company should have stored them where they were not liable to freeze, and presented that as a defence.

*Wolf v. Express Co.*, 43 Mo. 424; *Read v. R. R.*, 60 Mo. 199.

II. A railroad company receiving goods for transportation, is bound to transport them to their destination within a reasonable time, and cannot contract for exemption from liability caused by the negligence of itself or its servants. *Dawson v. R. R.*, 79 Mo. 296; *Sturgeon v. R. R.*, 65 Mo. 569; *Read v. R. R.*, 60 Mo. 199.

III. After the damages to the goods have been established, the burden lies upon the carrier to show that they were occasioned by the act or peril, which the law recognizes as constituting an exemption. *Wolf v. Express Co.*, 43 Mo. 425; *Read v. R. R.*, 60 Mo. 203.

IV. The price an article brings in the market is a proper mode of proving value, or, at least, is competent to be considered by the jury. *State, etc., v. Scholl*, 47 Mo. 84.

V. Plaintiff's instructions were proper declarations of law, and those refused to defendant were properly refused. There was no error at the trial.

ELLISON, J.—Plaintiff, as consignor, shipped on defendant's road, one hundred and forty barrels of apples to be delivered to G. Lasher & Son, or assigns, at Chicago. The shipment was under the following contract, declared on in plaintiff's petition:

"Received from C. A. Buddy, in good order and condition, by the Wabash, St. Louis & Pacific Railroad Company, at the Plattsburg depot, the following articles, being marked and numbered as below, which are to be delivered in like good order and condition, to G. Lasher & Son, or assigns, at Chicago, he or they paying freight for said goods, at the rate of forty cents per barrel and charges. In witness whereof the agent of said railroad hath affirmed to three bills of lading, all of this tenor and date, one of which being accomplished, the others to stand void. Dated at Plattsburg, Missouri, this thirtieth day of November, 1882. Marks, G. Lasher & Son,

Chicago, Illinois.    Articles, one hundred and forty barrels apples, ' O. R.' Car 10,747 Wab.  Rate contract, Plattsburg to Chicago, forty cents per barrel.  Charges guaranteed by C. A. Buddy.

"Agent, J. S. TURNER."

The breach of contract is laid as, that defendant did not transport to G. Lasher & Son at Chicago, with reasonable speed, but delayed the apples, so that in consequence they were frozen, and were greatly injured to plaintiff's damage, etc.

The proof showed the receipt by the consignees of one hundred and sixty one barrels at Chicago, instead of one hundred and forty, shipped.

The evidence was that the injury to the apples was so much per barrel, and in that way plaintiff made proof of his damage.  The defendant among other instructions asked the court to declare to the jury, that no damage on account of the twenty-one barrels of apples should be allowed.  The court refused the instruction.

The instruction should unquestionably have been given.  Plaintiff only shipped and paid for the transportation of one hundred and forty barrels.  The parties who gave evidence of the amount of damage per barrel, in the same connection, stated the number of barrels to be one hundred and sixty-one.

As the cause will be re-tried, we will say, that the instructions for plaintiff, as worded, appear to assume it was the duty of defendant to deliver the apples to the consignees at their place of business.  This is not the law.  Defendant is only to deliver at their usual freight or delivery depot, and are not even required to notify the consignees.  *Holtzclaw v. Duff*, 27 Mo. 392 ; *Neiswanger v. Kansas City Transfer Co.*, 18 Mo. App. 103 ; *Gashweiler v. Ry. Co.*, 83 Mo. 112.

Complaint is also made of the mode of proving the amount of damage to the apples.  If plaintiff's consignees disposed of the apples in their injured condition to the best advantage and for the best obtainable price,

as was their duty, it would seem there should be no difficulty in proving the exact amount received for them.

The rule as to the duty of the consignee and the carrier, and of the carrier's liability, has been so clearly and so often set forth by the supreme court, there should be no difficulty in applying it to this case. In *Gashweiler v. Ry. Co.*, *supra*, it is said "that on the arrival of the goods at their destination after they have been discharged from the cars, the liability of the railroad company as a common carrier ceases, and it becomes a bailee for hire."

In an action against the carrier, as such, when the goods are shown to have been delivered to the carrier, free from injury, and delivered by it to the consignee, injured, the *onus* is on the carrier to account for the injury. It may show the injury "occurred by one of the causes excepted in its undertaking." *Read v. Ry. Co.*, 60 Mo. 199 ; *Levering v. Ry. Co.*, 42 Mo. 88.

It is in cases where the contract is that the owner shall accompany the property and have it in his own charge, and does in fact do so, that the *onus* is on the owner. *Clark v. Ry. Co.*, 64 Mo. 440. There was no contract of this character in this case.

Or it may show that by reason of the consignees not calling for the goods, they were properly warehoused, free from injury. In such case any injury thereafter would be tried under the principles governing the liability of warehousemen.

The judgment is reversed and the cause remanded. The other judges concur.