W. H. YONTZ, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 17, 1913.

1. **CARRIERS OF GOODS:** Burden of Proof. A railway carrier of grain who receives it for shipment is obliged to deliver it at destination; and if it be lost or injured the burden is on him to excuse himself by showing that it occurred in some way for which he is not liable. The presumption is in favor of the shipper and a receipt and failure to deliver in as good condition as received, makes a prima facie case for him.

2. ————: Pleading: Specific Negligence: Onus: Presumption. If the petition, of a shipper in an action for damages to corn on its arrival at destination, alleges the specific negligence which caused the damage, the burden is on him to prove the damages alleged, since, as he knows the cause, no presumption arises in his favor. Presumptions do not exist where the facts to be presumed are shown.

Appeal from Moniteau Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*C. D. Corum* and *Roy D. Williams* for appellant.

*R. M. Embry* for respondent.

ELLISON, P. J.—Plaintiff shipped over defendant's road a car load of corn of No. 2 grade from Omaha, Nebraska, to Speed, Missouri. It arrived at the latter point in an injured and damaged condition and was graded No. 3, which resulted in a loss for which he recovered judgment in the circuit court.

Plaintiff chose to plead two specific acts of negligence which he charges damaged the corn and reduced its marketable grade. No contract was pleaded. The first was that defendant negligently placed the corn in "a broken and defective car" at Omaha. The second was that in transferring at Kansas City, from the original car to another, defendant negligently permitted it to be exposed and carelessly handled it so that it became mixed with dirt, damaged and unsalable.

Ordinarily when inanimate merchandise is shipped with a carrier in a good condition and it arrives at destination for delivery in a damaged condition it is for the carrier to account for the condition in some way that will excuse him from his obligation to safely deliver. [Potts v. W. St. L. & P. Ry. Co., 17 Mo. App. 394; Buddy v. W. St. L. & P. Ry. Co., 20 Mo. App. 206; Merritt Creamery Co v. Railroad, 128 Mo. App. 420.] And the shippers case is made prima facie, if he shows good condition when delivered at point of shipment and bad condition when received at destination and the onus is on the carrier to excuse himself. [Read v. Railway Co., 60 Mo. 199; Witting v. Ry. Co., 101 Mo. 631.]

But if the complaining party chooses to specify the negligences he puts aside the presumption in his favor and assumes the burden of proving his specification. The rule making a prima facie case for the shipper when he shows injury or nondelivery and putting the burden on the defendant to relieve himself has arisen from necessity and natural justice. [Hill

v. Sturgeon, 28 Mo. 323.] If the carrier receives and fails to deliver at destination or delivers in an injured condition, he knows the cause and the shipper ordinarily has no means of knowing it, and for that reason the presumption has arisen in favor of the shipper which in the absence of legal explanation or contractual excuse entitles him to judgment for damages. But if the shipper alleges that he knows the particular cause and alleges it, he does not need the aid of a presumption and he must therefore prove his allegations as in other cases. Such is the rule in the instance of injured passengers. [Newlin v. Railway Co., 222 Mo. 375; Orcutt v. Building Co., 201 Mo. 424; McGrath v. Railway Co., 197 Mo. 105; Price v. Ry. Co., 72 Mo. 414.] This is illustrated in matter of fact; the presumption of due care is only indulged in the absence of evidence of such care. [Tetwiler v. Railroad, 242 Mo. l. c. 194.]

And we can see no reason why it should not apply as against carriers of freight. The two (persons and property) are spoken of as governed by the same rule in Hill v. Sturgeon, supra; and we considered them as alike in Sachner Bros. v. Express Co., 72 Mo. App. 13. There is no reason for allowing the presumption in one that does not apply in the other.

Plaintiff seems to have tried his case as though he had not pleaded the specific negligence which caused his loss. His evidence and instructions are of that indefinite nature as to show that he is relying on the presumption of which we have spoken. His brief indicates such is his reliance. His instruction is not drawn with reference to the specifications in his petition. It is true he does submit the hypothesis "that the car in which defendant started the shipment was defective and because of such defect defendant was obliged to and did transfer said corn to another car through an elevator at Kansas

City,". but it nowhere submits whether either the defective car, or the transfer through the elevator, or both, caused the corn to become foul, dirty, and damaged. It directs damages to be allowed if the corn was in bad condition when it arrived at destination. Suppose the car was so defective that it could not be hauled to destination and the corn had been unloaded and put through an elevator at Kansas City, the jury must believe that these things did the damage, and so, upon proper evidence connecting these things with the damage, it .should be submitted to a jury. The judgment is reversed and the cause remanded. All concur.