WENTWORTH FRUIT GROWERS ASSOCIATION, PLAINTIFF IN ERROR, v. AMERICAN RAILWAY EXPRESS COMPANY, DEFENDANT IN ERROR.*

Springfield Court of Appeals. January 20, 1928.

1190

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 891, p. 980, n. 70; section 1589, p. 1415, n. 71; Carriers, 10CJ, section 568, p. 371, n. 52; section 603, p. 393, n. 53.

*D. S. Mayhew* for plaintiff in error.

*McReynolds & Blair, A. John Thornberry* and *A. M. Hartung* for defendant in error.

BRADLEY, J.—This is an action for damages to a car of strawberries alleged to have been caused by defendant in error in failing to properly ice. The cause was tried to a jury. Verdict and judgment went for defendant in error and the cause comes here by writ of error.

We shall refer to plaintiff in error as plaintiff and to defendant in error as defendant. Plaintiff alleges that it is engaged in growing, selling and shipping berries and fruit at Wentworth, Newton county, Missouri; that on June 7, 1924, at Wentworth it delivered to defendant a carload of strawberries consigned to Green Brothers, Denver, Colorado; that at the time of delivery, said berries were in good condition and of the value of $1724; that defendant neglected to properly refrigerate said berries and that by reason of such negligence the berries arrived at Denver in a damaged condition, and

that plaintiff was compelled to sell at a loss of $662.23 for which sum judgment is asked.

The answer is a general denial; a plea that the shipment was regulated by the Interstate Commerce Act, and also an allegation that if the berries were deteriorated on arrival at destination such was due to the condition of the berries when delivered or to the inherent nature of the shipment. The reply was a general denial.

Plaintiff assigns error on instructions given and refused and on the admission of evidence. In view of the assignments it will not be necessary to set out the evidence in detail. Plaintiff offered substantial evidence tending to show that the berries were in good condition when delivered and that when they arrived at destination they were in a damaged and deteriorated condition. Defendant introduced substantial evidence tending to show that it was not remiss in its duty to properly ice, and the cause went to the jury on the issue as to the berries being in good condition when delivered and as to the defendant's failure to properly ice.

Plaintiff asked the following instruction.

"The court instructs the jury that if you find and believe from the evidence in this case that on the 7th day of June, 1924, that the plaintiff delivered to the defendant at Wentworth, Missouri, in Newton county, a carload of strawberries in St. L. & S. F. car No. 483, containing four hundred and forty-eight twenty-four-quart crates of strawberries, and that the same were delivered to the defendant for shipment to Green Brothers at Denver, Colorado, and that the defendant accepted same for shipment; and if you further find and believe from the evidence that at the time said berries were delivered to the defendant for transportation they were in good solid merchantable condition, sound and of good quality, and that by reason of the failure, if any, of the defendant (to transport them in good condition, or the failure of the defendant) to properly ice said car and to keep it properly iced and refrigerated while in transit and that said berries arrived at their destination in a damaged condition and that they were disposed of at a loss on account of said condition, and that the said berries were deteriorated and that such deterioration or bad condition was brought about by the failure of the defendant to do its duty in properly icing said car and to keep the same properly refrigerated, then you will find the issues in this case in favor of the plaintiff, and unless you so find, you will find the issue in favor of the defendant."

The court gave the instruction after eliminating the part we have enclosed in parenthesis. Plaintiff contends that it was entitled to the instruction as asked and that the court erred in modifying it. The instruction unmodified would have made defendant an absolute insurer of the shipment and such is not the law. [Tri-State Fruit

Growers Association v. Railroad, 264 S. W. (Mo. App.) 445; Aurora Fruit Growers Association v. Railroad, 297 S. W. (Mo. App.) 440, l. c. 442.]

Plaintiff asked and the court refused Instruction C which is as follows: "The court instructs the jury that if you find and believe from the evidence that the strawberries were delivered to the defendant for shipment, as stated in other instructions, in a good, sound, merchantable condition and that they arrived in Denver, Colorado, in a deteriorated, molded condition, then the burden is upon the defendant to prove by a greater weight or preponderance of the evidence that the condition of said berries at the time they did arrive was not brought about by any fault or negligence of the defendant, and unless you so find, your verdict will be for the plaintiff in the sum not to exceed six hundred sixty-two dollars and twenty-five cents, with six per cent interest thereon from the 10th day of June, 1924, being the amount sued for."

Plaintiff based its cause of action on a specific allegation of negligence, viz.: That defendant "was negligent in this, that it failed to keep said berries properly refrigerated." Plaintiff introduced considerable evidence tending to show that when the berries were loaded and delivered to defendant they were in good condition, and that when they arrived at destination they were in a deteriorated and damaged condition. Ordinarily when such proof is made by a shipper the burden is shifted to the carrier to explain or account for the damaged condition of the shipment or respond in damages: but if the shipper pleads specific negligence he cannot invoke the presumption arising from the damaged condition. In case of a plea of specific negligence the burden is on the shipper to prove the negligence alleged and this burden does not shift. [Yontz v. Railroad, 174 Mo. App. 482, 160 S. W. 832.]

In the case cited the court said: "Ordinarily when inanimate merchandise is shipped with a carrier in a good condition and it arrives at destination for delivery in a damaged condition it is for the carrier to account for the condition in some way that will excuse him from his obligation to safely deliver. [Petts v. W. St. L. & P. Ry. Co., 17 Mo. App. 394; Duddy v. W. St. L. & P. Ry. Co., 20 Mo. App. 206; Merritt Creamery Co. v. Railroad, 128 Mo. App. 420.] And the shipper's case is made prima-facie, if he shows good condition when delivered at point of shipment and bad condition when received at destination and the *onus* is on the carrier to excuse himself. [Read v. Railway Co., 60 Mo. 199; Witting v. Ry. Co., 101 Mo. 631.] But if the complaining party chooses to specify the negligences he puts aside the presumption in his favor and assumes the burden of proving his specification. The rule making a prima-facie case for the shipper when he shows injury or nondelivery and putting the burden on the

defendant to relieve himself has arisen from necessity and natural justice. [Hill v. Sturgeon, 28 Mo. 323.] If the carrier receives and fails to deliver at destination or delivers in an injured condition, he knows the cause and the shipper ordinarily has no means of knowing it, and for that reason the presumption has arisen in favor of the shipper which in the absence of legal explanation or contractual excuse entitles him to judgment for damages. But if the shipper alleges that he knows the particular cause and alleges it, he does not need the aid of a presumption and he must therefore prove his allegations as in other cases. Such is the rule in the instance of injured passengers. [Newlin v. Railway Co., 222 Mo. 375; Orcutt v. Building Co., 201 Mo. 424; McGrath v. Railway Co., 197 Mo. 105; Price v. Ry. Co., 72 Mo. 414.] This is illustrated in matter of fact; the presumption of due care is only indulged in the absence of evidence of such care. [Tetwiler v. Railroad, 242 Mo. 1. c. 194.] And we can see no reason why it should not apply as against carriers of freight. The two (persons and property) are spoken of as governed by the same rule in Hill v. Sturgeon, supra; and we considered them as alike in Sachner Bros. v. Express Co., 72 Mo. App. 13. There is no reason for allowing the presumption in one that does not apply in the other."

Defendant pleaded specific negligence, hence it was proper to refuse Instruction C.

Plaintiff challenges instruction No. 4 given for defendant on the ground that it did not define the term negligence. Plaintiff made no complaint of this instruction in its motion for a new trial, hence this assignment is not before us for review. But we might say in passing that in our opinion, it was not necessary, under the circumstances, to define the term negligence. [Russell v. Baner-Berger Grocery Company, 288 S. W. (Mo. App.) 985.]

Plaintiff in its formal assignments and in its brief also challenges Instructions 5 and 6 given for defendant. No complaint was made of these instructions in the motion for a new trial, hence they are not for review.

Instruction No. 7 given for defendant is challenged in the motion for a new trial and in the formal assignments and brief. This instruction is challenged on the ground that it told the jury that the rights of the parties were fixed by the uniform express receipt and that the burden was upon plaintiff to establish the negligence alleged. We have already ruled on the question of the burden of proof, and we cannot appreciate how plaintiff may have been injured by the reference to the express receipt, and learned counsel does not suggest in what way or manner such reference may have been prejudicial.

In the motion for a new trial it is charged that incompetent evidence was admitted, but in the brief nor elsewhere is the evidence pointed out of which complaint is made. In this situation the assignment will be considered as abandoned.

We find no error, hence the judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.