AMERICAN RAILWAY EXPRESS COMPANY, a corporation, *Petitioner*, vs. I. N. FEGENBUSH, *Respondent*.

144 So. 320.

En Banc.

Opinion filed October 24, 1932.

*Alston, Alston, Foster & Moise* (Atlanta, Georgia), and *T. Paine Kelly,* for Petitioner;

*C. Jay Hardee,* for Respondent.

TERRELL, J.—As the result of a common law action in the Civil Court of Record of Hillsborough County, respondent recovered a judgment against petitioner for negligently transporting three shipments of beans and one shipment of lettuce from Wimauma, Florida, to New York City. This judgment was on writ of error affirmed by the Circuit Court and is brought here for review by certiorari.

Petitioner contends that all four shipments being in interstate commerce the rights and liabilities of the parties depend upon the contract of shipment, the applicable Federal Statutes and the common law as interpreted and enforced by the Federal Courts, that if measured by this rule no liability will attach to peti-

tioner but that while it was in fact found to be liable the court below in doing so applied a rule of law in positive variance with the rule as here announced.

No question is raised as to the sufficiency of the pleadings. It is admitted that the shipments were interstate in character, that they moved from Wimauma to New York without delay, that they arrived at destination in a damaged condition and that if petitioner was responsible for such condition, the Federal rule for admeasuring liability must apply unless the injury was excepted by the contract, the act of God or the public enemy or resulted from inherent infirmity of the goods transported. The pivotal point of difference between petitioner and respondent is whether the damage at destination was due to inherent infirmity of the goods transported or to negligent handling in the course of transit.

The Federal rule respecting transportation of interstate shipments grew out of the Carmack Amendment to the Interstate Commerce Act and is to the effect that the rights and liabilities of the parties in respect of damages to goods moving in interstate commerce under through bills of lading depend upon Acts of Congress, agreements between the parties and common law principles accepted and enforced in the Federal Courts. Chicago & N. W. R. R. Co. vs. C. C. Whitnack Produce Co., 258 U. S. 369, 42 Sup. Ct. Rep. 328, 66 L. Ed. 665; Southern Express Co. vs. Byers, 240 U. S. 612, 36 Sup. Ct. Rep. 410, 60 L. Ed. 825; Cleburne Peanut and Produce Co. vs. Missouri K. & T. Ry. Co. of Texas (Text) 221 S. W. 270; Chesapeake & O. Ry. Co. vs. W. C. Crenshaw & Co. 148 Va. 48, 138 S. E. 467; Cassone vs. New York, N. H. & H. R. Co., 106 Conn. 267, 123 Atl. 280.

The purpose of the Carmack Amendment was to repose in the initial carrier unity of responsibility for transportation to destination. Atlantic Coast Line R.

Co. vs. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. Rep. 164, 55 L. Ed. 167; Northern Pacific Ry. Co. vs. Wall, 241 U. S. 87, 36 Sup. Ct. Rep. 195, 60 L. Ed. 905; Missouri, Kansas and Tex. Ry. Co. vs. Ward, 244 U. S. 383, 37 Sup. Ct. Rep. 617, 61 L. Ed. 1213. The bill of lading issued by the initial carrier on an interstate shipment governs the entire transportation and fixes the obligation of all participating carriers to the extent applicable and valid. Cassone vs. New York, N. H. & H. R. Co., 106 Conn. 267, 123 Atl. 280.

Except as to the act of God, the public enemy, the act of the shipper or public authority in the absence of contract to the contrary, the carrier is generally an insurer of all ordinary shipments of inanimate goods and commodities and is responsible for injury to such goods and commodities occurring in the course of transportation. This common law liability does not extend to goods and commodities with an inherent vice or infirmity nor does it apply to live stock with known natural propensities. Cassone vs. New York, N. H. & H. R. Co., supra, and cases there cited.

In Dobie on Bailments and Carriers, page 115, the author supports this rule, that is to say the carrier is not an insurer against loss caused by the inherent nature, vice, defect, or infirmity of the goods. Thus the carrier, when not himself at fault, is not liable for the decay of fruit, the evaporation of liquids, the bursting of a hogshead of molasses due to fermentation, and the like. Cleburne Peanut and Products Company vs. Missouri, K. & T. Ry. Co. of Texas, supra; Chesapeake & O. Ry. Co. vs. W. C. Crenshaw & Co., supra.

Petitioner contends here that it brought itself well within this exception to the rule by establishing the inherent vice in the beans and lettuce when shipped. In some jurisdictions when the carrier alleges and relies on

this exception he must bring himself fully within it, not merely by showing that the goods were lost or damaged from the excepted cause, but he must go further and show that he exercised at least ordinary skill and care to avoid or escape the calamity and that it must be made to appear that notwithstanding such care and skill the damage was unavoidable. In other words, the carrier must show that it was free from any negligence contributing to the damage. Hutchinson on Carriers (3rd Ed.) Vol. 3, 1599 and cases there cited.

The early Federal and English rule which appears to be the dominant one in this country is to the effect that when the carrier shows that damage resulted from the inherent infirmity of the goods transported under circumstances not shown to be negligent, it will not be presumed that its negligence in any degree contributed to the loss, but the burden of proving such negligence devolves on the plaintiff. Hutchinson on Carriers, supra, 1604 and cases cited. Cleburne Peanut & Products Co. vs. Missouri, K. & T. Ry. Co. of Texas, supra; Memphis R. Co. vs. Reaves, 10 Wall. 176, 19 L. Ed. 909; Cau vs. Texas & Pacific Ry. Co., 194 U. S. 427, 24 Sup. Ct. Rep. 663, 48 L. Ed. 1053; Little Rock Island Miss. Riv. & T. Ry. vs. Harper, 44 Ark. 208; Insurance Co. of North America vs. Lake Erie & W. R. Co., 152 Ind. 333, 53 N. E. 382; Kallman vs. United States Express Co., 3 Kan. 205; Kelham vs. The Kensington, 24 La. App. 100; Morse vs. Canadian Pac. R. Co., 97 Me 77, 53 Atl. 874; Otis Co. vs. Missouri Pac. Ry. Co., 112 Mo. 622, 20 S. W. 676; Lamb vs. Camden & Amboy R. R. & T. Co., 46 N. Y. 271; Long vs. Pennsylvania Ry. Co., 147 Pa. St. 343, 23 Atl. 459, 30 Am. St. Rep. 732, 14 L. R. A. 741; Hubbard vs. Harnden Express Co., 10 R. I. 244; Railroad Co. vs. Stone & Haslett, 112 Tenn. 348, 79 S. W. 1031; Schaller vs. Chicago & N. W. Ry. Co., 97 Wis. 31, 71 N. W. 1042.

The later decisions appear to have modified this rule and are to the effect that the Federal rule does not change the common law as to presumption and burden of proof. Chesapeake & Ohio Ry. Co. vs. W. C. Crenshaw & Co., 148 Va. 48, 138 S. E. 467; Collins et al. vs. Denver & R. G. Ry. Co. 181 Missouri App. 213, 167 S. W. 1178; Chicago & N. W. Ry. Co. vs. C. C. Whitnack Produce Co., 258 U. S. 369, 42 Sup. Ct. Rep. 328, 66 L. Ed. 665; Galveston H. & S. R. Co. vs. Wallace, 223 U. S. 481, 32 Sup. Ct. Rep. 205, 56 L. Ed. 516; John Bonura & Co. vs. Texas & N. O. Ry. Co., 14 La. App. 351, 126 So. 593; Certiorari to Supreme Court of the United States denied 282 U. S. 875, 51 Sup. Ct. Rep. 80, 75 L. Ed. 773; Chesapeake and O. Ry. Co. vs. Timberlake Currie & Co., 147 Va. 290, 137 S. E. 507.

Interstate shipments are governed by the Federal rule. In this case recovery being predicated on damages to interstate shipments the Federal rule must control if petitioner has brought itself within its terms. Whether the Federal rule has or has not modified the common law rule as to presumption and burden of proof is not necessary for us to decide under the facts of this case. The facts of the particular case may control the answer to this question. Let us now see if the petitioner brought himself within the rule as to the shipments in question.

In the matter of the shipment of beans made April 15, and April 16, there was no offer to prove inherent infirmity as a cause in remission of damages. The sum and essence of the evidence affecting these shipments discloses receipt by carrier in good order, transportation to destination on schedule time and delivery to the consignee in bad order. Under such circumstances the rule seems well settled that the presumption arises that the damage was caused by negligence of the carrier and while that presumption is rebuttable, it must be accom-

plished by a preponderance of the evidence. This rule applies to perishable fruit and vegetables and the carrier is required to exercise reasonable care and to take into consideration the character of the commodity, condition of the weather and the time necessary to complete the transportation. Savannah F. & W. Ry. vs. George L. Harris, 26 Fla. 148, 7 So. 544; Swiney vs. American Express Co. (Iowa) 115 N. W. 212; Denver & R. G. R. Co. vs. A. Peterson Grocery Co., 59 Col. 125, 147 Pac. 663; Missouri Pac. R. Co. vs. Bell, 163 Ark. 284, 259, S. W. 745; Certiorari denied 266 U. S. 625, 45 Sup. Ct. Rep. 125, 69 L. Ed. 474; Victor Produce Co. vs. Chicago St. P. & O. R. Co., 135 Minn. 49, 160 N. W. 201; Fockens vs. U. S. Express Co., 99 Minn. 404, 109 N. W. 834, 10 C. J. 270-372.

This rule also applies to the shipment of beans made April 17, 1928. True evidence was given by a Federal inspector to prove that this shipment was infected with anthracnose or black soot, a bean disease, but as against this evidence the consignee testified that he had had thirty-nine years' experience handling beans grown in different localities from Canada to Miami, that he knew anthracnose when he saw it and that the shipment of April 17, 1928, was not afflicted with this disease but was damaged, in his judgment, by overheating in transit. Other testimony supported the evidence of both of these witnesses. The evidence on this point being in conflict it produced a question of fact for the jury which was resolved against the petitioner. In certiorari we do not weigh the effect of the evidence; we can reach it when a wrong rule of law is enforced as to its application.

As to the shipment of lettuce the evidence shows that it was delivered to the carrier in good condition, that it was delivered to the consignee in bad condition but that

it was transported without negligence on the part of the carrier in dry refrigeration which could not be artificially heated. There was evidence tending to show that at the time it was shipped it was inflicted with an inherent infirmity. There was also evidence by the plaintiff to the effect that it was damaged by overheating in transit notwithstanding the fact that it was shipped in dry refrigeration in which there could practically be no overheating in transit.

The contract between the shipper and the carrier was for shipment in unrefrigerated express cars. As to each shipment the carrier relies on prompt transit free from negligence to absolve it from liability for damages. The record unquestionably shows that it carried this burden by a preponderance of the evidence as to the shipment of lettuce. The judgment against the carrier as to that could not have been reached except by application of a wrong rule of law.

The judgment is not divisible. While erroneous as to the lettuce, it appears to be supported as to the three shipments of beans. It cannot stand as to the lettuce and must therefore be quashed as an entirety for the entry of a proper judgment. Ulsch vs. Mountain City Mill Co., 104 Fla. 418, 140 So. 218; Ulsch vs. Gibbs, decided Oct. 5, 1932, 106 Fla. 927, 143 So. 772.

Judgment of Circuit Court affirming judgment of Civil Court of Record quashed.

BUFORD, C.J., AND WHITFIELD, BROWN AND DAVIS, J.J., concur.