SHANNON, Judge.
Appellant-defendant has appealed from a final judgment against him entered by the court below in a law action, wherein he was sued for damages resulting from the freezing of a certain quantity of celery. It appears from the record that the plaintiff delivered to the defendant 336 crates of celery in good condition for delivery to the vessel “American Importer” in New York harbor. The celery was transported by the defendant and connecting lines to New York harbor, and when it was delivered, the consignee refused to accept the celery because of freeze damage. In its complaint plaintiff set forth two counts, one alleging breach of contract and the other alleging negligence. The defendant filed an answer thereto, denying the material allegations of the complaint, and moved for summary judgment. In the affidavits accompanying its motion, the defendant stated that the celery was in good condition when loaded on a lighter for delivery over water, and that the freeze damage occurred while the shipment was upon the lighter. In one of the defendant’s affidavits it is stated:
“2. In accordance with the laws of the United States and the Rules and Regulations of the Interstate Commerce Commission, the following tariff provision identified as Rule M-7S of C. W. Boin’s Tariff 116-G, I.C.C. A 1108 reads as follows:
*881 “The carriers’ New York Harbor marine equipment includes some enclosed barges fitted to protect perishable freight in warm weather by-refrigeration and in cold weather by-heat. The barges are employed in lightering import or export perishable freight between steamships or piers and rail termini of the carriers named, to the extent that such barges may be available.
“The carrier does not guarantee absolute protection, but undertakes by this means to avoid,- so far as practicable, loss of, or damage to perishable traffic, and makes no extra charge for heat or refrigeration.
“3. The shipment in question was loaded on Lighter No. 475 for delivery on December 21, 1955. Lighter No. 475 was in good condition and equipped with a stove for heat. A captain was on board at all times to maintain heat, but the outside temperature was down to 4° above zero with a strong northwest wind and even though every attempt was made to avoid freezing injury, it did occur.”
The court below entered a summary judgment for the plaintiff in the amount of $873.60 with interest from December 21, 1955. Defendant complains of the court’s judgment and sets forth three points of law; namely, (1) whether the court erred in basing his findings on the fact that the carrier was negligent, (2) whether the court erred in awarding the amount of damages to the plaintiff, and (3) whether the court erred in awarding interest from the date the damage occurred.
Since the shipment was made in interstate commerce, the defendant’s liability in this case is controlled by federal law (49 U.S.C.A. § 20(11,12)). Thereunder, a carrier is not an insurer against loss occasioned by the inherent nature or infirmity of the goods entrusted to it for transportation. It is liable only for negli-gence. Upon a showing that the goods are received by the carrier'in good order and delivered to the consignee in bad order, a presumption arises that the damage was caused by negligence of the carrier. This presumption is rebuttable by a preponderance of the evidence. American Ry. Exp. Co. v. Fegenbush, 107 Fla. 145, 144 So. 320; Texas & N. O. R. Co. v. Dingfelder & Balish, Inc., Tex.Civ.App.1938, 114 S.W. 2d 666.
The plaintiff, having made no allegations or sworn statements as to the specific acts of negligence of the carrier, the question is whether defendant overcame the presumption by showing that it exercised reasonable ■ care. The court below ruled that the defendant failed to carry this burden, and we agree with the trial court. Under the provisions of the above quoted tariff defendant had a duty to furnish a heated barge, if one was available, and to undertake by its use to protect the shipment of celery from loss or damage. The defendant’s duty is thus different from that of the carrier in Fort v. Denver & R. G. R. Co., 69 Colo. 441, 195 P. 109, where the applicable tariffs, rules and regulations left the duty of furnishing heat upon the shipper. The defendant failed to show that Lighter No. 475 was adequate protection for perishable freight in severe weather conditions which, it appears, were well known to the carrier. He made no showing that delivery in such conditions was necessary, such as to avoid spoilage or to assure delivery to the “American Importer” before she sailed. Also, it does not appear that the captain maintained or attempted to maintain heat. He was merely on board for that purpose. The statement that “even though every attempt was made to avoid freezing injury,” is a conclusion of law, and is not evidence of any fact. Fla.R.C.P. 1.36(e), 30 F.S.A.; Humphrys v. Jarrell, Fla.App., 104 So.2d 404.
Although the court correctly ruled that defendant is liable for negligence, the amount of damages to which the plaintiff *882 is entitled is disputed. Hence, that issue will have to be determined, and we must •reverse this case solely for the purpose of ■determining the amount of plaintiff’s damages. In the event that damages are awarded to the plaintiff below, the judgment should bear interest from the date that the damages occurred.
The judgment as to liability is affirmed and as to damages is reversed, and the ■case is remanded for further proceedings not inconsistent with this opinion.
ALLEN, C. J., and KANNER, J., concur.