TILLMAN PEARSON, Judge.
The appellant E. M. G. Leather Arts, Inc., was the plaintiff in the trial court. The court directed a verdict for the defendant-appellee Central Truck Lines, Inc. at the close of plaintiff’s case. The action was for damages alleged to have resulted from the negligence of the defendant in the handling of goods owned by the plaintiff-appellant which were shipped on defendant’s truck line.
The elements necessary to prove a prima facie case in an action such as the one we have before us have been set out in American Ry. Exp. Co. v. Fegenbush, 107 Fla. 145, 144 So. 320: (1) Receipt by carrier in good condition; (2) Delivery to the consignee in bad condition. Under such circumstances the presumption arises that the damage was caused by the negligence of the carrier and while that presumption is rebuttable, it must be accomplished by a preponderance of the evidence. See cases cited in American Ry. Exp. Co. v. Fegenbush, supra.
There was evidence before the jury in the instant case from which the jury could have found the goods were delivered by the plaintiff to a warehouseman in good condi-. tion, that the warehouseman properly crated the goods for shipment and that the goods were then delivered in the same' condition to the carrier.
*204 There was also evidence from which the jury could have found that the goods were delivered to the consignee in a damaged condition. This evidence consisted of the testimony of defendant’s investigating agent that shortly after the arrival of the goods he was called to the consignee’s place of business in order to view the damaged shipment.
We do not mean to imply that upon either of these points the testimony was so conclusive as to bar a contrary finding by the jury but, rather, we hold that La jury question was presented in each instance. The directed verdict was error under the rule that a case should not be withdrawn from the jury’s consideration unless as a matter of law no proper view of the evidence could possibly sustain the position of the party against whom the verdict is directed, Bourgeois v. Dade County, Fla. 1957, 99 So.2d 575, 72 A.L.R.2d 391.
Reversed and remanded for a new trial.