CROSS, Chief Judge.
Appellants-plaintiffs, Ted Housel and Rachel S. Housel, his wife, appeal a final judgment entered in a non-jury trial in favor of the defendant, Ryder Truck Lines, Inc., a Tennessee corporation qualified to do business in the State of Florida, in an action asserting negligence in the delivery of a refrigerator-freezer. We reverse.
The plaintiffs, Ted Housel and Rachel Housel his wife, in October 1967 purchased a refrigerator-freezer combination from a plumbing company in Sebring, Florida. The appliance, which weighed 453 pounds, was to be shipped to the plaintiffs at their residence in Satellite Beach, Florida. The appliance was contained in a cardboard carton with a wooden frame base. The carrier employed to deliver the appliance was the defendant, Ryder Truck Lines, Inc., and at the time of delivery of the appliance at the home of the plaintiffs the driver had no helper to help unload the appliance from the truck to the ground. The driver maneuvered the carton to the back edge of the truckbed and by balancing the weight of the appliance he managed to slide the carton off the truck onto the ground. He then moved it into the garage of the home owned by the plaintiffs by means of a hand cart.
Later that same day when the plaintiffs arrived home from work, they removed the carton from around the refrigerator and found a dent in the side and some chipped porcelain inside. After using the refrigerator for a short time, they then discovered that one door was warped and that the ice-maker was defective, as well as some other damage. The plaintiffs claim that the damage occurred when the defendant-driver in removing the appliance from the truck to the ground at the time of the delivery negligently dropped the appliance to the ground, causing the damage.
Thereafter plaintiffs filed complaint against the defendant, in essence asserting that the defendant was a common carrier and did deliver to the plaintiffs the appli- *426 anee. Further allegations appear as to the shipping weight and value of the appliance, and then it is alleged in paragraph five of the complaint the following:
“5. Said defendant did negligently and carelessly deliver said refrigerator freezer to said Plaintiffs’ home with inadequate equipment and insufficient manpower, and did negligently and carelessly allow said refrigerator freezer to drop to the ground causing irreparable damage.”
In addition to the claim for damages to the appliance, the plaintiffs asserted a claim for attorneys’ fees against the defendant as a common carrier under the provisions of F.S.1967, Section 353.03, F.S.A.
The defendant answered the complaint, generally denying every allegation. At trial, Vivian Travers, plaintiffs’ niece, through deposition which was introduced, testified that she was present at plaintiffs’ home at the time of delivery of the appliance, and that the delivery driver of the defendant, in unloading the refrigerator, dropped it from a height of three feet to the concrete street, causing immediate visible damage to the carton containing the refrigerator.
The driver of the defendant was called as a plaintiff witness. He denied that he had dropped the appliance.
Thereafter the court entered its final judgment in favor of the defendant, which in part reads as follows:
“The elements necessary to prove a prima facie case by the plaintiff in an action against a carrier for alleged damages in handling of goods while in shipment on the defendant’s truck line are: (1) Receipt by the carrier in good condition ; and (2) delivery to the consignee (Plaintiff in this case) in bad condition (See E.M.G. Leather Arts, Inc. v. Central Truck Lines, Inc. [Fla.App.], 165 So.2d 203 and American Ry. Exp. Co. v. Fegenbush [107 Fla. 145], 144 So. 320). If the plaintiff establishes both of these elements then the presumption arises that the damage was caused by the negligence of the carrier, which can be rebutted only by evidence to the contrary.
“In this case, there is evidence from which the court can conclude, because of the damaged condition of the appliance at the time it was uncrated at the spot where the defendant’s driver left it, that the appliance was delivered in bad condition. There was, however, no evidence adduced whatsoever to establish that the appliance was in good condition at the time of its delivery to the defendant carrier. In this connection one of the plaintiffs, Mrs. Housel, testified that she did not know from where the appliance was shipped. She only knew that she had purchased it from her brother who owned Sharpes Plumbing company in Sebring, Florida, and she did not know when or at what place the appliance was delivered to the defendant carrier for shipment to her. The driver of the defendant’s truck was called as a witness by the plaintiff and the only testimony he could give with respect to the shipment of the appliance was that it was already on his truck at the defendant’s terminal in Orlando, Florida when he arrived for work on November 10, 1967, and that it remained on his truck until he arrived, the same day, at the home of the plaintiffs and unloaded the appliance there. Therefore, the court is of the opinion that the plaintiff has failed in its burden of proving by a preponderance of the evidence that the damaged appliance was in good condition at the time the same was delivered to the defendant carrier for shipment to the plaintffs. * * * ”
It is from this final judgment that the plaintiffs now appeal.
It is a well established general rule that where a shipper shows delivery of goods to a carrier in good condition and the delivery thereof at the point of destination in bad condition, a presumption arises that the damage was caused by the negli *427 gence of the carrier. It is then for the carrier to account for the condition in some way that will excuse him for his obligation to safely deliver the goods. Savannah, F. & W. Ry. Co. v. Harris, 1890, 26 Fla. 148, 7 So. 544; E.M.G. Leather Arts, Inc. v. Central Truck Lines Inc., Fla.App.1964, 165 So.2d 203. Thus the shipper’s case is made prima facie if he shows good condition when delivered at the point of shipment and bad condition when received at destination, and the onus is then on the carrier to show that the damage did not result from any negligence on its part. Consignees such as the plaintiffs have sufficient title and interest to enable them to maintain an action against the carrier for loss of or injury to the property entrusted to the common carrier for transportation. 14 Am.Jur.2d, Carriers § 617.
Although not heretofore determined in the State of Florida, it is the weight of authority in most jurisdictions that if the complaining party chooses to specify the negligence, he puts aside the presumption in his favor and assumes the burden of proving the specific acts alleged. The rule of making a prima facie case for the shipper or consignee when he shows injury or non-delivery, and putting the burden on the defendant to relieve himself has arisen from necessity and natural justice. If the carrier receives and fails to deliver at destination or delivers in an injured condition, the carrier knows the cause and the shipper or consignee ordinarily has no means of knowing it, and for that reason, the presumption alluded to above has arisen in favor of the shipper or consignee, which in absence of legal explanation or contractual excuse entitles the shipper or consignee to prevail over the carrier for damages for loss of or injury to property entrusted to the carrier for transportation. When specific acts of negligence on the part of the carrier are alleged as the cause of the loss for which the shipper or consignee seeks recovery, he must recover, if at all, by proving his specific allegations. Snowden v. Tremont and G. Ry. Co., La.App.1932, 140 So. 122; Yontz v. Missouri Pac. Ry. Co., 1913, 174 Mo. 482, 160 S.W. 832; Wentworth Fruit Growers’ Ass’n v. American Ry. Express Co., 1928, 222 Mo.App. 1189, 1 S.W.2d 1028; American Railway Express Co. v. Cole, 1932, 185 Ark. 532, 48 S.W.2d 223; Georgia S. & F. Ry. Co. v. Makeever, 1929, 228 Ky. 492, 15 S.W.2d 293.
The plaintiffs chose in the instant case to plead specific acts of negligence, to-wit, that the defendant did negligently and carelessly deliver the refrigerator-freezer to the plaintiffs’ home with inadequate equipment and insufficient manpower and did negligently and carelessly allow the refrigerator-freezer to drop to the ground causing irreparable damage. Thus the trial court was in error in entering a final judgment for the defendant, bottoming that judgment on the plaintiffs’ failure to prove by a preponderance of the evidence that the damaged appliance was in good condition at the time the same was delivered to the defendant-carrier for shipment to the plaintiffs.
Accordingly, the entry of the final judgment not being predicated upon a sufficiency of the evidence as produced at trial relative to the specific acts of negligence, the cause is reversed and remanded for a new trial.
Reversed and remanded.
WALDEN and OWEN, JR, concur.